McKinney, J,
delivered the opinion of the court.
This is a bill of review brought to review and reverse a decree rendered in the Chancery Court at McMinnville, in favor of Warren E. Colville and others,' against the present complainants and others, for supposed errors • of law, apparent on the face of the decree, and also for newly discovered matter.
The decree sought to be reviewed was pronounced on the 23rd day of January, 1847 — and near the expiration of three years from the date of the original decree — ' upon this bill of review being presented to the chancellor in vacation, he made an order that the Clerk and Master of the Chancery Court at McMinnville, should receive and file said bill in his office, subject, however, to all legal objections to be made by the complainants in the original bill, and on the 22nd day of the same month — being the last day of the period limited for *525 bringing a bill of review, by the act of 1801, ch. 6, sec. 58 — said bill appears to have been filed in said office.
At the ensuing term of said court the - defendants appeared and moved to have the bill taken off the file, upon the ground that it could not be filed without previous leave of the chancellor granted in open court, and ■ at a subsequent term of this court this motion was allowed and the bill was ordered to be taken off the file. From which order the complainant has prosecuted an appeal in error to this court. ,
In the shape in which this cause comes before us we do not feel i called upon to look to the form or allegations of the bill with the view of ascertaining whether or not it is subject to the objections, both .as to form and substance, insisted upon by the counsel of defendants, except so far as may be incidentally necessary to the determination of the questions of practice properly raised upon the motion made in the chancery court, and to which alone we will confine our consideration.
And first, we are of opinion that the leave given by the chancellor in vacation, to file this bill of review, was wholly unauthorised. The act of 1835, ch. 4, sec. 12, taken in connexion with the subsequent amendatory act of the same session, ch. 20, sec. 4, confers upon r the chancellor, in vacation, no authority to make an order of this character. The power is plainly limited to the making of such “ rules and orders,” as may be necessary to expedite the preparation of causes already pending in the court, for a final hearing.
Second; the practice of the court of chancery in England, as respects the filing of a bill of review, remains unchanged in this State. Here, as there, a bill of review *526 for errors of law apparent on the face of the decree, may be brought as a matter of right. In such case leave of the court is not necessary. But by the act of 1801, ch. 6, sec. 53, the bill must be filed within three years from the time the original decree was pronounced; and after the lapse of that period, no bill of review shall be brought or motion made therefor, except in cases -of infancy, coverture, &c. But a bill of review, brought upon the discovery of new evidence, is not a matter of right, and cannot be filed on this ground, without leave of the court first obtained; which leave must be granted in open court, upon an affidavit, showing that the new matter could not be produced or used by the party claiming the benefit of it in the original cause. The affidavit must also state the nature of the new matter, in order that the court may exercise its judgment upon its relevancy and materiality. Story’s Eq. PI. see. 412.
Second, we are of opinion, that a bill of review may be brought for errors of law apparent on the face of the decree, and also for newly discovered matter, and that the joinder of both grounds in the same bill does constitute the objection of multifariousness. Cases may well be supposed and indeed do sometimes occur, where both grounds exist, and where upon the ■ clearest principles of equity, the complainant may be entitled to the reversal of one part of the decree for error of law apparent on the face thereof; and of another part, because of newly discovered evidence — shall the party in such case be put to his election and forced to abandon one or other of these grounds, where his right to relief upon both is equally clear? or shall he be compelled to bring two seperate • suits in the same tribunal against the same parties and for the correction of errors in one entire decree? *527 In the absence of positive authority, sanctioned by long and uniform practice, we cannot yield our assent to a proposition so repugnant to tbe. principles and practice of a court of equity. To do so, we think, would be to fall into an error the opposite of multifariousness, that is, in the language of Mr. Story (Eq. PI. sec. 287,) “an undue divisibility or splitting up a cause of action, thus multiplying subjects of litigation,” — a fault in pleading-still more to be avoided than multifariousness, in the view of a court of equity.
Fourth: if a bill of review uniting both the grounds of errors of law and newly discovered matter is so radically defective in its form that it cannot be maintained upon one of the grounds, or if it has even been irregularly and improperly filed, upon one of the grounds, it does not by any means follow that it may not be maintained upon the other ground. The bill may be regularly filed, and the complainant entitled to relief upon one ground, and it may be irregularly filed upon the other, so that upon the latter ground he would be entitled to no relief. But a demurrer in such case would not hold to the whole bill; when it is well taken to a part only, it will not be allowed even as to the part of the bill which is demurrable. It cannot be good as to part and bad as to the rest, and must stand or fall together. Story’s Eq. PI, sec. 443. And we think a motion to take a bill off the file, if that were admitted to be the proper practice, should not be allowed to have a different or greater effect. If the bill was regularly filed upon one ground such motion should be disallowed.
It follows, therefore, that in our opinion the Chancellor erred in this case, in allowing the motion to take the bill from the file.
*528 The Chancellor ought to have refused the motion, leaving the defendants to avail themselves of the objection in some mode more consonant to the course and practice of a court of equity.
Perhaps it would have been proper for the chancellor to have ordered so much of the bill as sought a review upon the ground of newly discovered matter, to be struck out.
The order of the Chancellor will be reversed, and the cause be remanded and reinstated upon the docket so' far as the bill seeks a review for errors of law upon the face of the decree, leaving it open for the defendants to avail themselves of all proper objections to this part of the bill, either in matters of form or substance, and the remaining portion thereof will be treated as irregularly and improperly filed, and should be struck out.